UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FRIENDS OF ANIMALS,

        Plaintiff,

v.

SCOTT PRUITT,
*in his official capacity as*
*Administrator of the United States*
*Environmental Protection Agency, et al.*,

        Defendants.

Civil Action No. 16-1503 (ABJ)

## ORDER

Plaintiff Friends of Animals originally filed this action on July 22, 2016 against the United States Environmental Protection Agency ("EPA") and Scott Pruitt in his official capacity as EPA Administrator,[1] alleging that defendants unreasonably delayed in responding to a May 19, 2015 rulemaking petition regarding the review and potential cancellation of the registration of ZonaStat-H, a pesticide used to control reproduction of wild horses. Compl. [Dkt. # 1] ¶¶ 1–2; 62–65. Plaintiff requested that the Court "declare that the Defendants have violated the APA by unreasonably delaying issuance of a final decision on the Petition," and it sought a court order to require "the Defendants to make a final decision on the Petition within sixty days." *Id.* at 11.

On October 18, 2016, the Court granted the parties' joint motion to stay all proceedings while they engaged in settlement discussions. Min. Order (Oct. 18, 2016). Then, on January 17, 2017, the parties jointly reported that the EPA had issued a final decision denying plaintiff's

---

1     Plaintiff's complaint named former EPA Administrator Gina McCarthy. Pursuant to Federal Rule of Civil Procedure 25(d), the Court automatically substitutes her successor, Scott Pruitt, as a defendant.

petition.  *See* Joint Status Report [Dkt. # 11] ¶¶ 4–5.  The Court then ordered plaintiff to show cause why the matter should not be dismissed as moot.  Min. Order (Jan. 17, 2017).  In response to the Court's order, plaintiff filed a motion for leave to file an amended complaint, but it did not attach a copy of its proposed amended pleading.  *See* Pl.'s Resp. to Jan. 17, 2017 Min. Order & Mot. for Leave to File Am. & Suppl. Compl. [Dkt. # 13] ("Pl.'s Mot.").

Plaintiff stated that the amended pleading it intended to file would allege that the denial of the rulemaking petition was "arbitrary, capricious, contrary to underlying law, and an abuse of discretion," in violation of the Administrative Procedure Act.  Pl.'s Mot. at 2.  On February 1, 2017, defendants opposed plaintiff's motion for leave to amend and filed a motion to dismiss for lack of subject matter jurisdiction based on the mootness of the original complaint.  Defs.' Combined Opp. to Pl.'s Mot. & Mot. to Dismiss [Dkt. # 14] ("Defs.' Mot.") at 1.  Plaintiff does not dispute that defendants' response to the rulemaking petition renders the original complaint moot, but it argues that the Court should allow plaintiff to amend the complaint to challenge the agency's response to its petition.  Pl.'s Reply in Supp. of Mot. for Leave to File Am. and Supp. Compl. ("Pl.'s Reply") at 1–2.

The Court will deny plaintiff's motion for leave to file an amended and supplemental complaint because it fails to comply with the procedural requirements of Local Civil Rule 7(i).  "A motion for leave to file an amended pleading shall be accompanied by an original of the proposed pleading as amended."  LCvR 7(i).  The Court of Appeals has repeatedly "faulted litigants for [the] shortcoming" of failing to attach a copy of their proposed amended complaint to a motion for leave to file an amended complaint, *Schmidt v. United States*, 749 F.3d 1064, 1069 (D.C. Cir. 2014), citing *Rollins v. Wackenhut Servs., Inc.*, 703 F.3d 122, 130–31 (D.C. Cir. 2012), and it noted in *Schmidt* that failure to attach a copy of a proposed amended complaint is a reason to deny a motion

for leave to amend. *Id.* Here, plaintiff has failed to attach a proposed amended complaint to its motion for leave to file an amended complaint and the motion to amend the complaint will be denied.

The Court will also grant the defendants' motion to dismiss the existing complaint as moot. Federal courts are courts of limited jurisdiction and the law presumes that "a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see also Gen. Motors Corp. v. EPA*, 363 F.3d 442, 448 (D.C. Cir. 2004) ("As a court of limited jurisdiction, we begin, and end, with an examination of our jurisdiction."). "[B]ecause subject-matter jurisdiction is 'an Art[icle] III as well as a statutory requirement . . . no action of the parties can confer subject-matter jurisdiction upon a federal court.'" *Akinseye v. District of Columbia*, 339 F.3d 970, 971 (D.C. Cir. 2003), quoting *Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982).

Article III, section 2 of the Constitution permits federal courts to adjudicate only "actual, ongoing controversies." *Honig v. Doe*, 484 U.S. 305, 317 (1988), citing *Neb. Press Ass'n v. Stuart*, 427 U.S. 539, 546 (1976); *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975). "This limitation gives rise to the doctrines of standing and mootness." *Foretich v. United States*, 351 F.3d 1198, 1210 (D.C. Cir. 2003). A case becomes moot when "the court can provide no effective remedy because a party has already 'obtained all the relief that [it has] sought.'" *Conservation Force, Inc. v. Jewell*, 733 F.3d 1200, 1204 (D.C. Cir. 2013), quoting *Monzillo v. Biller*, 735 F.2d 1456, 1459 (D.C. Cir. 1984). "Federal courts lack jurisdiction to decide moot cases because their constitutional authority extends only to actual cases or controversies." *Id.*, quoting *Iron Arrow Honor Soc'y v. Heckler*, 464 U.S. 67, 70 (1983).

Here, plaintiff concedes that the claim in the original complaint is moot. Pl.'s Reply at 1. Plaintiff sought a court order declaring defendants in violation of the APA for unreasonably failing to respond to plaintiff's petition, and an order requiring defendants to make a final decision on the petition, Compl. at 11, and it has received that relief because defendants have responded to the petition. Because the claims in the original complaint are moot, the Court lacks subject matter jurisdiction over this case, and plaintiff will be required to file a new civil action if it wishes to challenge the merits of the agency's final decision.

Therefore, pursuant to Federal Rules of Civil Procedure 12 and 58, it is hereby

**ORDERED** that plaintiff's motion for leave to file an amended and supplemental complaint [Dkt # 13] is **DENIED**. It is

**FURTHER ORDERED** that defendants' motion to dismiss [Dkt. # 15] is **GRANTED**.

**SO ORDERED**.

AMY BERMAN JACKSON
United States District Judge

DATE: June 29, 2017